THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN GUARD SERVICES, INC., | CASE NO. C18-0603-JCC |
| Plaintiff, | ORDER |
| v. | |
| TERMINAL SECURITY SOLUTIONS, INC., *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant Terminal Security Solution (TSS)'s motion to compel identity of witness and for sanctions (Dkt. No. 33). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

The operative complaint in this case alleges that Defendants Tor Wallen, Kaysse Moynihan, and Wayne Pack were employed by Plaintiff American Guard Services. (Dkt. No. 1 at 5.) During their employment, Plaintiff had a contract to provide security services to Terminal 91 in the Port of Seattle through the 2017 season. (*Id.* at 5.) Plaintiff did not receive the 2018 security contract, which was instead awarded to Defendant TSS. (*Id.* at 5.) Plaintiff alleges that Defendant TSS hired Defendant Wallen and Moynihan prior to receiving the 2018 contract and

used their knowledge of Plaintiff's confidential business practices to solicit Terminal 91's business. (Dkt. No. 1 at 6.)

On July 2, 2018, the parties stipulated to the dismissal of all claims and counterclaims against Moynihan without prejudice after Moynihan established that she was not employed by Defendant TSS during the relevant time period. (Dkt. No. 22.)

Prior to Moynihan's dismissal, Defendant TSS served Plaintiff with written discovery requests that included this interrogatory: "Identify all persons with knowledge of your allegation that Kaysse Moynihan ever worked for TSS." (Dkt. No. 33 at 3.) Following Moynihan's dismissal, Plaintiff responded that "[t]his request is no longer applicable as Kaysse Moynihan has been dismissed from the case"; Plaintiff also invoked the attorney-client privilege and the work product privilege. (Dkt. No. 34-1 at 11.) After repeated discussions between the parties, Defendant TSS filed the present motion to compel Plaintiff to respond to the interrogatory. (Dkt. No. 33.)

## II. DISCUSSION

This Court strongly disfavors discovery motions and prefers that parties resolve discovery disputes on their own. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If requested discovery is withheld inappropriately or not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). If a party fails to comply with a discovery order, the Court may also sanction that party accordingly. Fed. R. Civ. P. 37(b)(2). The Court has broad discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Sanctions under Rule 37(b) are likewise left to the Court's discretion. *David v. Hooker, Ltd.*, 560 F.2d 412, 418 (9th Cir. 1977).

On a motion to compel, the movant must demonstrate that "the information it seeks is relevant and that the responding party's objections lack merit." *Hancock v. Aetna Life Ins. Co.*,

321 F.R.D. 383, 390 (W.D. Wash. 2017). The Court ordinarily construes relevant information "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., et al. v. Sanders*, 437 U.S. 340, 351 (1978).

The operative complaint makes several factual allegations concerning Moynihan. (*See* Dkt. No. 1.) Specifically, it alleges that "TSS hired Wallen and Moynihan to run its operations in Seattle," that "Moynihan began to recruit AGS's employees to work for TSS," and that "Moynihan used confidential and proprietary information belonging to AGS." (*Id.* at 6.)

Even if Moynihan has been dismissed (Dkt. No. 22), the identity of witnesses with knowledge of the factual allegations would be relevant for the purposes of discovery if they related to other claims against Defendant TSS. *See Oppenheimer Fund*, 437 U.S. at 351. However, Plaintiff has repeatedly stated that it is not pursuing claims against Defendant TSS based on factual allegations regarding Moynihan:

1. "The truth is claims against Moynihan are no longer at issue . . . ." (Dkt. No. 38 at 1.)
2. "Defendants' . . . justification for its . . . relevancy argument, that claims related to Moynihan are continuing, are simply false . . . ." (*Id.* at 6.)
3. "Plaintiffs are not pursuing any claims against Moynihan directly or against TSS through Moynihan." (*Id.* at 8.)
4. "AGS is not 'still suing TSS and the other defendants for the allegations involving Moynihan.'" (*Id.* at 10) (internal citation omitted).
5. "While further discovery has yielded additional information involving Ms. Moynihan, AGS is not pursuing claims against her, directly or through TSS, in this litigation." (Dkt. No. 39 at 3.)

While Moynihan has been dismissed as a defendant, Plaintiff has not amended its complaint to remove the factual allegations regarding Moynihan; these factual allegations might still be relevant to claims against Defendant TSS, which is why Defendant TSS seeks discovery

on the topic. If the factual allegations regarding Moynihan are removed from the complaint, the identity of witnesses with knowledge of these allegations is no longer relevant. In light of Plaintiff's repeated assertions that it is not pursuing claims against Defendant TSS based on factual allegations regarding Moynihan, the Court concludes that the factual allegations are withdrawn. Therefore, the discovery sought by Defendant TSS is no longer relevant to this action.[1] As Defendant TSS has previously requested (Dkt. No. 34 at 2), Plaintiff shall file an amended complaint removing its claims against Moynihan and the related factual allegations.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to compel identity of witness (Dkt. No. 33) is DENIED. The Court declines to impose sanctions against Plaintiff. Plaintiff is ORDERED to file an amended complaint which removes the claims against former Defendant Kaysse Moynihan and the factual allegations underlying them.

DATED this 30th day of January 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court has determined that the discovery sought by Defendant is not relevant, the Court need not address the proportionality of the discovery, *see Fotualii v. GI Trucking Co.*, Case No. C17-0529-JCC, Dkt. No. 19 at 2 (W.D. Wash. 2017) (citing Fed. R. Civ. P. 26(b)(1)), or whether Plaintiff's claims of privilege were properly asserted. *See* Fed. R. Civ. P. 26(b)(5)(i)–(ii).