THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN GUARD SERVICES, INC., a California corporation,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>TERMINAL SECURITY SOLUTIONS, INC., a California corporation, *et al*.,<br><br>　　　　　　　　Defendants. | CASE NO. C18-0603-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Terminal Security Solution's ("TSS") motion to compel discovery and for sanctions (Dkt. No. 42). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

**I.　BACKGROUND**

The Court has previously set forth the facts of this case and will not repeat them here. (*See* Dkt. No. 47.) While employed by Plaintiff, Defendant Tor Wallen observed Ousama Karawia, also known as Sam Wafaa's, involvement with directing Plaintiff, such as whether Plaintiff bid on contracts and how Plaintiff set pricing. (Dkt. No. 42 at 3–4.) After Plaintiff filed the present lawsuit in April 2018, Plaintiff initially refused to respond to Defendants' interrogatory as to the identity of Plaintiff's owners. (*Id*. at 4.) After meeting and conferring,

Plaintiff identified Sherif and Sherine Assal as Plaintiff's owners. (*Id.*)

In December 2018, defense counsel learned via lawsuits filed in Maine and California that Karawia is a convicted felon and may have an ownership interest in Plaintiff. (*Id.* at 5–6; Dkt. No. 44-1 at 2–19, 22–61.) Defendants served an amended notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), which included the following topic: "**Topic 23**: AGS's and its affiliates' relationship with Ousama Karawia (aka Sam Karawia aka Sam Wafaa) including his involvement with operations, any compensation paid to him, and how his role affects any designation as a women-owned business entity." (Dkt. Nos. 42 at 6–7, 44-1 at 63–68.) Plaintiff indicated that it was not inclined to produce a witness on the topic, and Plaintiff's Rule 30(b)(6) witness testified that he was unaware of Karawia's role. (Dkt. Nos. 42 at 7; 44-1 at 71–73, 77–78.) Plaintiff subsequently declined to designate a witness on the Karawia topic, and the parties' meet and confers have not resolved the issue. (Dkt. Nos. 42 at 7, 44-1 at 81–82.) Plaintiff has not moved for a protective order as to the Rule 30(b)(6) deposition. (Dkt. No. 44 at 2.)

Defendant TSS now moves for an order compelling Plaintiff to provide a Rule 30(b)(6) witness on Topic 23 of Defendants' amended deposition notice and for sanctions equivalent to their reasonable attorney fees and costs associated with bringing the motion. (Dkt. No. 42 at 7.) Plaintiff opposes the motion and also requests sanctions. (Dkt. N0. 52.)

**II.  DISCUSSION**

    **A.  Motion to Compel**

The Court strongly disfavors discovery motions and prefers that parties resolve discovery disputes on their own. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If requested discovery is withheld inappropriately or not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). If a party fails to comply with a discovery order, the Court may also sanction that party accordingly. Fed. R.

1 Civ. P. 37(b)(2). The Court has broad discretion to decide whether to compel disclosure of
2 discovery. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir.
3 2002). Sanctions under Rule 37(b) are likewise left to the Court's discretion. *David v. Hooker,*
4 *Ltd.*, 560 F.2d 412, 418 (9th Cir. 1977).

On a motion to compel, the movant must demonstrate that "the information it seeks is relevant and that the responding party's objections lack merit." *Hancock v. Aetna Life Ins. Co.*, C16-1697-JLR, Dkt. No. 63 at 9 (W.D. Wash. 2017). The Court ordinarily construes relevant information "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., et al. v. Sanders*, 437 U.S. 340, 351 (1978). In determining whether sought discovery is proportional to the needs of the case, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

On February 14, 2019, Plaintiff filed an amended complaint against Defendants. (Dkt. No. 57.) Defendants filed a corresponding amended answer and counterclaim against Plaintiff, which asserts illegality of contract as an affirmative defense. (Dkt. No. 62 at 18.) Defendants' illegality of contract defense is based on Karawia's possible ownership interest in Plaintiff and status as a convicted felon. (Dkt. No. 42 at 1–2.) As Defendants' present motion seeks discovery underlying their affirmative defense of illegality of contract, the information is relevant. Further, as the stakes in this case are substantial, Plaintiff has greater access to information regarding Karawia's role, the sought discovery is important for resolving the validity of Defendants' affirmative defense, and Defendant seeks to depose a single Rule 30(b)(6) witness on the limited topic of Karawia's role, (*see* Dkt. No. 42 at 3), the sought discovery is proportional to the needs of the case.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to compel discovery and for sanctions (Dkt. No. 42) is GRANTED in part and DENIED in part. Plaintiff is ORDERED to make available a Rule 30(b)(6) witness with knowledge to testify regarding Topic 23 of Defendants' amended notice of deposition. The Court DENIES both parties' requests for sanctions.

DATED this 26th day of March 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE